IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**,

*Plaintiff*,

v.                                                                                    CAUSE NO. 3:21-CR-87-CWR-LGI

**YOLANDA WARD,**

*Defendant*.

## ORDER

Before the Court are the Government's Motion *in Limine*, the Defendant's response in opposition, and the Government's reply. Docket Nos. 49, 50, and 51. Upon review, the motion will be denied.

**I.      Facts and Procedural History**

On August 10, 2021, a Federal Grand Jury in the Southern District of Mississippi indicted Defendant Yolanda Ward for theft of government funds in violation of 18 U.S.C. § 641. Docket No. 3. In anticipation of trial, the Government filed the present motion *in limine* requesting that the Court preclude the parties from "raising negative inferences from a party's failure or decision not to call or produce a particular witness without first establishing, outside the presence of the jury, that such negative inference is proper." Docket No. 49 at 1.

In response, Ward notes that the Government fails to "specifically name the witness or witnesses that its [m]otion applies to." Docket No. 50 at 2. Pointing to Judge Bramlette's ruling in *United States v. Crossley*, Cause No. 5:21-CR-5-DCB-FKB, 2022 WL 4111879 (S.D. Miss. Sept. 8, 2022), Ward contends that the Government's lack of specificity amounts to a blanket prohibition on the mention of such witnesses and should thus be denied. *Id*.

In its reply, the Government stresses that its motion *in limine* does not consist of a blanket prohibition. Where the motion *in limine* in *Crossley* "sought to foreclose prior to trial the defendant's ability to draw negative inferences that it might otherwise [have] been properly allowed to do at trial," the Government here presses that "adverse inferences be allowed by either party *only after a showing outside the presence of the jury*" that such an inference is appropriate. Docket No. 51 at 1-2 (emphasis added).

## II.    Legal Standard

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (internal citations omitted). Motions *in limine* are also proper where, as here, the proponent of evidence seeks a pretrial ruling that certain evidence is admissible.

### III. Discussion

"[A] party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." *United States v. Wilson*, 322 F.3d 353, 363 (5th Cir. 2003). "There is, however, an important exception to the applicability of the presumption: if the witness is 'equally available' to both parties, any negative inference from one party's failure to call that witness is impermissible." *Id*. at 364 n.14 (quoting *McClanahan v. United States*, 230 F.2d 919, 925 (5th Cir. 1956)).

The parties' arguments are well-taken. However, the Court is reluctant to rule on the motion without additional context, the identities of the parties' witnesses, and development of a full record. While the Court recognizes the Government's "middle of the road approach" to determine the relevancy of an adverse inference, the Court finds that these matters will be more appropriately resolved at trial.

### IV. Conclusion

For the foregoing reasons, the Government's Motion *in Limine* is denied without prejudice.

**SO ORDERED**, this the 1st day of May, 2023.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE